UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-vs-

KEVIN LAMONT ANDERSON,

                    Defendant.[1]

MEMORANDUM AND ORDER

06-CR-6229 CJS

---

**Siragusa, J.** Before the Court is the government's motion to strike papers filed by Kevin Lamont Anderson ("Anderson") because Anderson has exceeded the page limits set by the Court. Gov't's Mot. to Dismiss, Nov. 29, 2018, ECF No. 888. Anderson's memorandum in support of his motion far exceeds the page limits set in the Court's order, entered on November 19, 2018, ECF No. 885, permitting Anderson to file a 40-page memorandum. Consequently, the Court will disregard all pages beyond the 40th. *See Clarence, LLC v. Dimension Data Holding*, 222 Fed. App'x 563, 566 (9th Cir. 2007) (district court did not abuse its discretion in disregarding material that would exceed page limits). In the alternative, Anderson may choose to file a replacement memorandum that does not exceed the 40-page limit set by the Court. Consequently, the Court hereby

ORDERS, that Anderson may file a replacement motion and memorandum of law not to exceed a total of 40 pages not later than November 15, 2019; and further

---

[1] While section 2255 is often referred to as a habeas corpus provision, such characterization is technically incorrect because, rather than authorizing the granting of a writ, the statute provides for a federal court to consider a motion that is, in effect, a continuation of the underlying criminal proceeding. *See* 28 MOORE'S FEDERAL PRACTICE § 672.02[2][b] (3d Ed. 1999). Similarly, although prisoners file motions rather than petitions to initiate section 2255 proceedings, their motion papers are generally referred to as petitions and the prisoners are referred to as petitioners. In the interests of clarity, however, this Court will refer to the parties by name.

ORDERS, that if Anderson fails to file a replacement motion and memorandum of law that complies with the Court's Order, above, the government's response to the present motion and memorandum is due to the Court by December 16, 2019; and further

ORDERS, that if Anderson fails to file a replacement motion and memorandum of law as directed, above, then the government's response is to address only the first 40 pages of the currently filed motion and memorandum of law, ECF No. 886; and further

ORDERS, that if Anderson does file a replacement motion and memorandum of law by November 15, 2019, the government's response is due by December 16, 2019.

IT IS SO ORDERED.

Dated: October 17, 2019
       Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge