UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN LAMONT ANDERSON,

                      Petitioner,

                                                                   DECISION AND ORDER

-vs-

                                                                   06-CR-6229 (CJS)

UNITED STATES OF AMERICA,

                      Respondent.

_____

## INTRODUCTION

Now before the Court is Petitioner Kevin Lamont Anderson's ("Anderson") *pro se* motion for reconsideration of the Court's denial of his application pursuant to Sections 404 and 603 of the First Step Act to reduce his sentence or, alternatively, grant him compassionate release. Mot. for Reconsid., Jan. 3, 2022, ECF No. 954. Anderson has also submitted a letter, which the Court will accept as a supplement to his motion for reconsideration. Letter, Jan. 10, 2022, ECF No. 955. Because Anderson is a *pro se* litigant, the Court has read his papers liberally, and interpreted them to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Nevertheless, for the reasons set forth below, Anderson's motion for reconsideration [ECF No. 954] is denied.

## BACKGROUND

The reader is presumed to be familiar with the factual and procedural background of this case. In the course of affirming Anderson's conviction and sentence in 2017, the Second Circuit succinctly summarized the reasons for Anderson's incarceration:

> On October 26, 2009, a jury . . . convicted Anderson of conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. It also convicted Anderson of renting, using, and maintaining premises for the purpose of manufacturing and distributing cocaine base, in violation of 21 U.S.C. § 856(a), and of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h) . . . . Anderson was sentenced principally to life imprisonment.

*United States v. Anderson*, 689 F. App'x 53, 55 (2d Cir. 2017). Anderson's sentence of life imprisonment was imposed, in part, because of the Court's finding at sentencing that Anderson had participated in a double murder in furtherance of his drug enterprise. *Anderson*, 689 F. App'x at 57. In August of 2021, the Court denied Anderson's *pro se* application pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on his conviction. Dec. and Order, Aug. 24, 2021, ECF No. 942.

In November of 2021, the Court denied Anderson's motion for a sentence reduction under § 404 of the First Step Act or, alternatively, compassionate release under § 603 of the First Step Act. Dec. and Order, Nov. 23, 2021, ECF No. 951. In its decision, the Court acknowledged that "because the drug quantity element of Anderson's conviction for conspiracy to distribute 50 grams or more of cocaine base was modified by the Fair Sentencing Act, his conspiracy offense is a 'covered offense' and he is eligible for relief under § 404 of the First Step Act." *Id.* at 8. However, although the Court acknowledged that Anderson is *eligible* for a sentence reduction under § 404, after thoroughly reviewing the record and considering the goals of sentencing outlined in 18 U.S.C. § 3553(a), the Court found that a sentence reduction was not *warranted*. *Id.* In particular, the Court stated that a sentence reduction in Anderson's case would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or avoid unwarranted disparities between other defendants who have committed similar crimes. *Id.* In addition, the Court found that Anderson had failed to demonstrate extraordinary and compelling reasons warranting compassionate release under § 603. *Id.* at 9–10.

DISCUSSION

Anderson presents three arguments in support of his motion for reconsideration. First, he maintains that the Court failed to recognize that, because the statutory maximum for his "covered offense" now stands at 40 years rather than life imprisonment, the Court is required to reduce his sentence to no more than 40 years. Mot. for Reconsid. at 3, 5 (citing, *inter alia*, *U.S. v. Collington,* 995 F.3d 347, 357 (4th Cir. 2021)). Second, Anderson asserts that because the Court indicated a willingness to accept a pre-trial plea agreement that called for a prison sentence of only 25 years, it could not now find that a § 3553(a) factor analysis weighed against a reduction of sentence. Mot. for Recons. at 4. Finally, in his supplemental letter brief, Anderson asserts that the key witness at the sentencing hearing, Keith Benjamin, lied to the government in order to use Anderson as his scapegoat. Letter at 2.

Legal Principles

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Smith*, 105 F. Supp.3d 255, 258 (W.D.N.Y. 2015) (citation omitted). District courts "'have applied the applicable civil standard to such motions in criminal cases.'" *Id.* (quoting *United States v. Larson*, 197 L.R.R.M. 2753, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 23, 2013)). As the Second Circuit has explained:

> The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest

3

injustice." *Greenwood Grp., LLC v. Brooklands, Inc.*, 199 F. Supp.3d 682, 684 (W.D.N.Y. 2016) (quoting *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks omitted)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10–CV–6651, 2013 WL 6662862, *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp.2d 365, 368 (S.D.N.Y.1999)). Thus, reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp.2d 713, 715 (S.D.N.Y. 2003).

Application

After a thorough review of Anderson's papers, the Court denies his motion for reconsideration. *United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020) ("[A] defendant who is *eligible* for relief under the First Step Act 'is not necessarily entitled to relief."). To begin with, Anderson's argument that the new statutory maximum for his crimes is 40 years is inaccurate. The Second Circuit has expressly stated that the mandatory minimum of 10 years' imprisonment and maximum of life on "a multi-object conspiracy involving exactly 50 grams of crack cocaine and exactly 5 kilograms of powder cocaine . . . . would remain the same because of the unchanged penalties for offenses involving powder cocaine." *United States v. Reed*, 7 F.4th 105, 117 (2d Cir. 2021).

Moreover, Anderson's argument with respect to the plea agreement that he allegedly declined fails to take into account, among other things, the evidence the Court heard at sentencing regarding the double murder in which Anderson was found to have participated. Lastly, with respect to Anderson's questioning the veracity of Benjamin's testimony against him, the Court notes that Anderson had the opportunity to challenge Benjamin's credibility

during the course of the sentencing hearing, and declines to engage in a re-litigation of that issue following the Second Circuit's upholding of the Court's credibility ruling, and in the absence of new substantive evidence. *Anderson*, 689 F. App'x at 58. *See also United States v. Moore*, 975 F.3d 84, 91 (2d Cir. 2020) (". . . § 404(b) issues no directive to allow re-litigation of other Guidelines issues—whether factual or legal—which are unrelated to the retroactive application of the Fair Sentencing Act.")

## CONCLUSION

Accordingly, it is hereby ORDERED that Anderson's motion for reconsideration [ECF No. 954] is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, because Anderson has not made a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   March 7, 2022
         Rochester, New York

/s/ Charles J. Siragusa
HON. CHARLES J. SIRAGUSA
United States District Judge